UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACHIEL A. MORGAN,

                Plaintiff,                        **VERIFIED COMPLAINT**

    -against-

CHARLES A. GAINES,                              **Civil Action No.**
UNITED STATES PARK POLICE
UNITED STATES DEPARTMENT OF THE INTERIOR
and UNITED STATES OF AMERICA,

                Defendants.
------------------------------------------------------------------X

Plaintiff, ACHIEL A. MORGAN, by his attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein allege the following:

## BASIS FOR JURISDICTION

Pursuant to 28 U.S.C SECTION 1346, The United States District Court shall have exclusive jurisdiction over all actions brought by or against CHARLES A. GAINES, UNITED STATES PARK POLICE, UNITED STATES DEPARTMENT OF THE INTERIOR AND UNITED STATES OF AMERICA for a tort claim.

1. That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of QUEENS, State of New York and resides at 137 18 South Gate Street, Springfield Gardens New York 11413.

2. That at all times hereinafter mentioned, upon information and belief, the Defendant, CHARLES A. GAINES, was and still is a UNITED STATES PARKS POLICE OFFICER existing in the City of Kings, New York.

3. That at all times hereinafter mentioned, upon information and belief, the Defendant, UNITED STATES DEPARTMENT OF INTERIOR, was and still maintains an office organized and existing at 1849 C Street, NW, Washington DC 20240.

4. That at all times hereinafter mentioned, upon information and belief, the Defendant, UNITED STATES OF AMERICA, was and still maintains an office organized and existing at Department of Justice, 10th and Pennsylvania Avenue NW, Washington DC 20530.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, UNITED STATES PARK POLICE, was and still is a UNITED STATES GOVERMENT EMPLOYEE who exists within the State of New York.

6.. That at all times hereinafter mentioned, a fully executed Form 95 was duly served upon the Defendant within the times prescribed pursuant to 28 U.S. Code § 2401, and no offers of settlement were made within six (6) months following the service of same.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, UNITED STATES PARK POLICE, was the titled and registered owner of a 2023 FORD 250 motor vehicle, bearing License Plate number # 1611624.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant UNITED STATES DEPARTMENT OF INTERIOR, was the titled and registered owner of a 2023 FORD 250 vehicle, bearing License Plate number # 1611624.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant UNITED STATES OF AMERICA, was the titled and registered owner of a 2023 FORD 250 vehicle, bearing License Plate number # 1611624.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, UNITED STATES PARK POLICE employed one, CHARLES A. GAINES, who was the operator of the aforesaid 2023 FORD 250 motor vehicle, bearing License Plate number # 1611624.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, CHARLES A. GAINES, was provided express or implied authority to operate the aforementioned motor vehicle, employed by UNITED STATES PARK POLICE, UNITED STATES DEPARTMENT OF INTERIOR and UNITED STATES OF AMERICA.

12. That at all times hereinafter mentioned, CHARLES A. GAINES, was acting in the course and scope of his employment for Defendant UNITED STATES PARK POLICE, when Defendant's vehicle contacted the Plaintiff's motor vehicle.

13. That at all times hereinafter mentioned, CHARLES A. GAINES, was acting in the course and scope of his employment for Defendant UNITED STATES DEPARTMENT OF INTERIOR, when Defendant's vehicle contacted the Plaintiff's motor vehicle.

14. That at all times hereinafter mentioned, CHARLES A. GAINES, was acting in the course and scope of his employment for Defendant UNITED STATES OF AMERICA, when Defendant's vehicle contacted the Plaintiff's motor vehicle.

15. That at all times hereinafter mentioned, Defendant CHARLES A. GAINES, operated the aforementioned 2023 FORD 250 motor vehicle, in the course of his employment with Defendant UNITED STATES PARK POLICE, UNITED STATES

DEPARTMENT OF INTERIOR and UNITED STATES OF AMERICA, on or about the 28th day of June, 2024, the aforementioned motor vehicles were in contact with each other.

16. That at all times hereinafter mentioned, Plaintiff was the owner and operator of a 2017 DODGE DURANGO motor vehicle, bearing License Plate # LEN7615

17. That at all times hereinafter mentioned, 0911 Floyd Bennet Field, at or near the intersection of Aviation Road, located in the Kings County of the City of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

18. That on or about June 28th, 2024, the aforementioned motor vehicles were in contact with each other.

19. The contact and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the Defendants herein.

20. That the Defendants we negligent, wanton, reckless and careless in allowing, causing and/or permitting the motor vehicle owned and operated by said Defendants herein to come into contact with the Plaintiff's motor vehicle; in failing to take those steps necessary to avoid the contingency which herein occurred; in breaching a duty to other motorists to operate the motor vehicle in a safe manner; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly keep and maintain the motor vehicle so as to prevent the contingency which herein occurred; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in violating the rules of the road; in failing to obey one or more traffic control device(s); in failing to observe that

degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; in hiring, retention, training and its supervision of their employees; and under the theory of respondent superior and the defendants were in other ways negligent.

21. That the Defendants are liable to the Plaintiff upon the doctrine of res ipsa loquitur.

22. That by reason of the foregoing, the Plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; this Plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

Furthermore, this Plaintiff sustained a serious injury, as defined in the Insurance Law Section 5102(d) for the State of New York and economic losses in excess in "basic economic loss" as set forth in the Insurance Law Sections 5102 an d 5104.

23. That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, and each of them, as follows:

In the Federal Tort Claims action against Defendants, CHARLES A. GAINES, UNITED STATES PARK POLICE, and UNITED STATES DEPARTMENT OF INTERIOR. Plaintiff is seeking compensatory damages in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: September 24, 2025
New York, New York

       Nechelle Nicholas, Esq..
SOBO & SOBO, LLP
Attorney for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845)343-7626

## ATTORNEY VERIFICATION

STATE OF NEW YORK,
COUNTY OF NEW YORK          SS:

    I, the undersigned, am an attorney admitted to the practice in the courts of New York State,
and say that:

    I am the attorney of record, or of counsel with the attorney of record, for Plaintiff, ACHIEL A. MORGAN, I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof, to which I believe to be true based upon the facts and information contained in the file maintained by my office.

    The reason I make this affirmation instead of the Plaintiff is because the Plaintiff does not reside in a county where this Affirmant holds an office.

Dated:  September 24, 2025
         New York, New York

_____
Nechelle Nicholas, Esq..
SOBO & SOBO, LLP
Attorney for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845)343-7626